**FILED**

**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**08 C 519**

| | | |
|---|---|---|
| GARY NAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL |
| Chicago Police Officers Richard Haljean, Star No. | ) | RIGHTS |
| 9860,N. Spencer, Star No. 14835, Vasavid, Star No. | ) | |
| 19359, Walsh, Star No. 11214, Meindl, Star No. | ) | |
| 10130, Cwick, Star No. 11860, Szczesny, Star No. | ) | **JURY DEMANDED** |
| 10982, Gutierrez, Star No. 1473, Stasch, Star No.187) | | |
| and the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE MASON**

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983], and this Court's supplemental jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff Gary Naham ("Naham") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4.      At all times herein mentioned, the individual Defendants Richard Haljean, Star No. 9860, N. Spencer, Star No. 14835, Vasavid, Star No. 19359, Walsh, Star No. 11214, Meindl, Star No. 10130, Cwick, Star No. 11860, Szczesny, Star No. 10982, Gutierrez, Star No. 1473, Stasch, Star No.187 were members of the City of Chicago Police Department, and were acting under color of state law and as the employee, agent

or representative of the City of Chicago.  These officers are being sued in their

individual/personal capacity.


5.      The City of Chicago is a municipal corporation, duly organized under the

laws of the State of Illinois.

## STATEMENT OF FACTS

6.      On January 24, 2006, plaintiff was located in his residence at 839 W.

Cornelia, City of Chicago.

7.      Also on January 24, 2006, Defendant Haljean obtained a search warrant

for Plaintiff and his residence.

8.      The facts contained in the affidavit and complaint for the search warrant

were completely and knowingly false.  The false facts, include but are not limited to the

following:

        a.      that a confidential informant had purchased Methamphetamine at

the residence;

        b.      that the confidential informant had been to the residence on 6

separate occasions;

        c.      that the informant tendered $125.00 to Plaintiff for narcotics; and

        d.      that the Defendant "observed numerous subjects coming and going

from the apartment building which P.O. Richard Haljean believes to be narcotics

related."

9.      In the evening of January 24, 2006, based upon a falsified affidavit for a

warrant the individual defendants made entry into Plaintiff's residence.

2

10.     Prior to making entry there was no knock-notice given.

11.     While in the residence Plaintiff was subjected to excessive force, including being battered, and assaulted in a humiliating manner, by one or more of the individual defendants.

12.     While Plaintiff was being subjected to excessive force, the remaining defendants stood by and failed to protect Naham despite the reasonable ability to do so.

13.     During the course of their intrusion into Naham's residence, one or more of the defendants proceeded to unreasonably and unnecessarily destroy property within the residence.

14.     Plaintiff was handcuffed, subjected to unreasonable searches, arrested and transported to the police station.

15.     Plaintiff was thereafter falsely criminally charged with narcotic related activity.

16.     There was no probable or legal cause to obtain a search warrant for Plaintiff and Plaintiff's residence; there was no probable or legal cause to search Plaintiff or his residence; and there was no legal cause to arrest Plaintiff.

17.     On or about March 12, 2007,the criminal charges against Plaintiff terminated in the Plaintiff's favor.

18.     By reason of the above-described acts and omissions of defendant, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

19.    Some or all of the Defendants had previous contact with the Plaintiff motivating them, in part, to undertake the unlawful acts against the Plaintiff as described above.

20.    The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21.    By reason of the above-described acts and omissions of defendant, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### Plaintiff Against All Individual Defendants for Excessive Force
### and Failure to Protect

22.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

23.    By reason of the defendant officers' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

24.    The violence inflicted upon Plaintiff was excessive, unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights.

4

Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Further, the failure to protect Plaintiff from the unconstitutional acts of officers, despite the reasonable ability to do so also violates Plaintiff's constitutional rights. Therefore, the individual Defendants and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### Plaintiff Against The Individual Defendants for Due Process Violations

25.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one  (21) hereat as though fully set forth at this place.

26.    By reason of the conduct of the individual defendant officers, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

27.    The defendants deprived the Plaintiff of  fair criminal proceedings by engaging in multiple wrongful acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints applying for and submitting false warrants and police reports, and otherwise acting to deny plaintiff fair criminal proceedings.

28.    The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### Plaintiff Against All Individual Defendants for a Conspiracy to Deprive Plaintiff of His Due Process Rights

29.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30.     All of the individual defendants, either explicitly or implicitly conspired and agreed on a scheme to deprive the Plaintiff of fair criminal proceedings.  The acts by all the defendants include, but are not limited to, concealing the exculpatory evidence that should have been made available to plaintiff, false warrants and police reports, and false criminal complaints, all of which was done to cover up wrongdoing.

31.     The acts described in the preceding paragraph were directed toward Plaintiff, and were intentional and material, and therefore in violation of Plaintiff's due process rights. Therefore, the individual Defendants and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.


## COUNT IV

### Plaintiff Against the Individual Defendants for False Arrest

32.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

33.     The Individual Defendants caused the arrest of Plaintiff without probable cause.

34.     The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's Fourth Amendment rights to be free from arrests without probable cause.   Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.


## COUNT V

6

**Plaintiff Against the Individual Defendants for an Unlawful and Wrongful Search**

35.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

36.    The search warrant obtained by Defendant Haljean was based upon knowing or recklessly false information, lacked probable cause, and therefore, was in violation of Plaintiff's Fourth Amendment rights.

37.    The individual Defendants' entry into Plaintiff's residence omitted the required knock-notice and therefore, was in violation of Plaintiff's Fourth Amendment rights.

38.    The individual Defendants' search of Plaintiff's residence was unreasonably destructive, thereby resulting in the loss or damage of property and therefore, in violation of Plaintiff's Fourth Amendment rights.

39.    The acts described in the preceding paragraphs were directed toward Plaintiff, were intentional, reckless and/or material, and therefore in violation of Plaintiff's Fourth and Fourteenth Amendment rights.   Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.


**COUNT VI**

**Plaintiff Against the City of Chicago -- Monell**

40.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

41.    During all relevant times, the City of Chicago knowingly, and with willful and deliberate indifference to the Constitutional rights of citizens, maintained and permitted a

widespread custom and practice of permitting the occurrence of the types of wrongs set forth in the following paragraph.

42.     During all relevant times, the City of Chicago maintained a widespread custom and practice of covering up misconduct by engaging in a fraudulent and purposeful practice of "investigating" misconduct in such a fashion that officers are nearly always exonerated notwithstanding substantial evidence of misconduct.

43.     The agency then in charge of such investigations, Office of Professional Standards, routinely failed to undertake meaningful investigations, and routinely failed to find that any officers under investigation engaged in misconduct.

44.     Plaintiff alleges that these customs, described above, were the moving force behind the violations of the Plaintiff's rights.  Police officers were under the reasonable belief that they would  not suffer any discipline or other penalty as a result of their misconduct because of the custom described above.

45.     Based upon the principles set forth in Monell v. New York City Department of Social Services, the City of Chicago is liable for all the harm done to plaintiff as set forth above.

**COUNT VII**

**Plaintiff Against Defendants Spencer, Haljean, Stasch and the City of Chicago**

**for the State Supplemental Claim of Malicious Prosecution**

46.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one  (21) hereat as though fully set forth at this place.

47.     Defendants Spencer, Haljean, and Stasch engaged in conduct that caused criminal charges to be filed and prosecuted against the Plaintiff.

8

48.     There was no probable cause for the institution of criminal charges to be brought against the Plaintiff.  These criminal proceedings were instituted and continued maliciously; and plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.  The criminal proceedings were terminated in the plaintiff's favor.

49.     Further, the individual defendants facilitated this malicious prosecution by falsifying evidence, the creation of false police reports, falsifying written criminal charges, and by giving false and perjured testimony under oath.

50.     The City of Chicago is liable pursuant to the doctrine of *respondeat superior.*


WHEREFORE, the plaintiff Gary Naham, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the defendants on each and every claim:

1.     That the defendants be required to pay the plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2.     That the defendants be required to pay the plaintiff special damages;

3.     That the defendants, except the City of Chicago, be required to pay the plaintiff attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That defendants, except the City of Chicago, be required to pay the plaintiff punitive and exemplary damages in a sum to be ascertained;

5.     That the defendants be required to pay the plaintiff costs of the suit herein incurred; and

6.     That the plaintiffs has such other and further relief as this Court may deem just and proper

DATED:   January 23, 2008                          s/Edward M. Fox_____
                                                   Edward M. Fox
                                                   ED FOX & ASSOCIATES
                                                   Attorneys for Plaintiff
                                                   300 W. Adams
                                                   Suite 330
                                                   Chicago, Illinois 60606
                                                   (312) 345-8877


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


DATED:   January 23, 2008                          s/Edward M. Fox_____
                                                   Edward M. Fox
                                                   ED FOX & ASSOCIATES
                                                   Attorneys for Plaintiff
                                                   300 W. Adams
                                                   Suite 330
                                                   Chicago, Illinois 60606
                                                   (312) 345-8877