IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY NAHAM,                                          )
                                                     )     No.     08 C 0519
                              Plaintiff,             )
                                                     )     JUDGE ANDERSEN
        v.                                           )
                                                     )     Magistrate Judge Mason
Chicago Police Officers RICHARD HALJEAN,             )
Star No. 9860, N. SPENCER, Star No. 14835,           )
VASAVID, Star No. 19359, WALSH,                      )     JURY DEMAND
Star No. 11214, MEINDL, Star No. 10130,              )
CWICK, Star No. 11860, SZCZENY,                      )
Star No. 10982, GUTIERREZ, Star No. 1473,            )
STASCH, Star No. 187, and the CITY OF                )
CHICAGO,                                             )
                                                     )
                              Defendants.            )

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

        Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation

Counsel of the City of Chicago, answers plaintiff's complaint and states:

**JURISDICTION AND VENUE**

        1.      This action arises under the United States Constitution and the Civil Rights Act of
1871 [42 U.S.C. Section 1983], and this Court's supplemental jurisdiction.  This court has
jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

        **ANSWER:**     The City admits that plaintiff purports to bring this action under the

United States Constitution, the Civil Rights Act, and this Court's supplemental jurisdiction.

Further, the City admits that this Court has jurisdiction over the federal claims pursuant to 28

U.S.C. §§1343 and 1331.   The City denies the remaining allegations in this paragraph.


        2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts
complained of arose in this district.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that venue is proper in this court pursuant to 28 U.S.C. §1391 in that plaintiff alleges the claims arose in this district.

## PARTIES

3.    At all times herein mentioned, Plaintiff Gary Naham ("Naham") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that plaintiff resided within the jurisdiction of this Court at all times relevant to the complaint.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4.    At all times herein mentioned, the individual Defendants Richard Haljean, Star No. 9860, N. Spencer, Star No. 14835, Vasavid, Star No. 19359, Walsh, Star No. 11214, Meindl, Star No. 10130, Cwick, Star No. 11860, Szczesny, Star No. 10982, Gutierrez, Star No. 1473, Stasch, Star No. 187 were members of the City of Chicago Police Department, and were acting under color of state law and as the employee, agent or representative of the City of Chicago. These officers are being sued in their individual/personal capacity.

**ANSWER**:    The City admits, on information and belief, based upon Chicago Police Department records, that Defendant Officers Haljean, Star No. 9860, N. Spencer, Star No. 14835, Vasavid, Star No. 19359, Walsh, Star No. 11214, Meindl, Star No. 10130, Cwick, Star No. 11860, Szczesny, Star No. 10982, Gutierrez, Star No. 1473, and Stasch, Star No. 187 were employed as police officers by the City at all times relevant to the complaint and were acting under color of state law.  The City admits that plaintiff purports to sue the Defendant Officers in their individual/personal capacities.  The City is without knowledge or information sufficient to forma belief as to the truth of the remaining allegations in this paragraph.

2

5.      The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois.

**ANSWER:**    The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois.

## STATEMENT OF FACTS

6.      On January 24, 2006, plaintiff was located in his residence at 839 W. Cornelia, City of Chicago.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that on January 24, 2006, plaintiff was located at 839 W. Cornelia Avenue, Apartment 1N, Chicago, Illinois.   The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.      Also on January 24, 2006, Defendant Haljean obtained a search warrant for Plaintiff and his residence.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that on January 24, 2006, Defendant Officer Haljean obtained a search warrant for plaintiff and the premises at 839 W. Cornelia Avenue, Apartment 1N, Chicago, Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8.      The facts contained in the affidavit and complaint for the search warrant were completely and knowingly false. The false facts, include but are not limited to the following:

a.      that a confidential informant had purchased Methamphetamine at the residence;

b.      that the confidential informant had been to the residence on 6 separate occasions;

3

      c.        that the informant tendered $ 125.00 to Plaintiff for narcotics; and

      d.        that the Defendant "observed numerous subjects coming and going from the apartment building which P.O. Richard Haljean believes to be narcotics related."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9.      In the evening of January 24, 2006, based upon a falsified affidavit for a warrant the individual defendants made entry into Plaintiffs residence.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that in the evening of January 24, 2006, pursuant to a search warrant, Defendant Officers Haljean, Spencer, Walsh, Gutierrez, and Stasch entered the residence at 839 W. Cornelia Avenue, Apartment 1N, Chicago, Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10.     Prior to making entry there was no knock-notice given.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     While in the residence Plaintiff was subjected to excessive force, including being battered, and assaulted in a humiliating manner, by one or more of the individual defendants.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4

12.    While Plaintiff was being subjected to excessive force, the remaining defendants stood by and failed to protect Naham despite the reasonable ability to do so.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.    During the course of their intrusion into Naham's residence, one or more of the defendants proceeded to unreasonably and unnecessarily destroy property within the residence.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.    Plaintiff was handcuffed, subjected to unreasonable searches, arrested and transported to the police station.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that plaintiff was arrested and transported to a police station.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15.    Plaintiff was thereafter falsely criminally charged with narcotic related activity.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that plaintiff was criminally charged with 720 ILCS 570/402c and 720 ILCS 550/4-c. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16.    There was no probable or legal cause to obtain a search warrant for Plaintiff and Plaintiffs residence; there was no probable or legal cause to search Plaintiff or his residence; and

5

there was no legal cause to arrest Plaintiff.

     **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

     17.    On or about March 12, 2007, the criminal charges against Plaintiff terminated in the Plaintiff's favor.

     **ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

     18.    By reason of the above-described acts and omissions of defendant, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

     **ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

     19.    Some or all of the Defendants had previous contact with the Plaintiff motivating them, in part, to undertake the unlawful acts against the Plaintiff as described above.

     **ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

     20.    The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiffs rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**   The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21.    By reason of the above-described acts and omissions of defendant, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**   The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT I

### Plaintiff Against All Individual Defendants for Excessive Force

### and Failure to Protect

This count is not directed at the City; therefore, the City need not and does not answer the allegations in this count.

## COUNT II

### Plaintiff Against The Individual Defendants for Due Process Violations

This count is not directed at the City; therefore, the City need not and does not answer the allegations in this count.

## COUNT III

**Plaintiff Against All Individual Defendants for a Conspiracy to Deprive Plaintiff of His Due Process Rights**

This count is not directed at the City; therefore, the City need not and does not answer the allegations in this count.

## COUNT IV

**Plaintiff Against the Individual Defendants for False Arrest**

This count is not directed at the City; therefore, the City need not and does not answer the allegations in this count.

## COUNT V

**Plaintiff Against the Individual Defendants for an Unlawful and Wrongful Search**

This count is not directed at the City; therefore, the City need not and does not answer the allegations in this count.

## COUNT VI

**Plaintiff Against the City of Chicago -- Monell**

40.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:**    The City restates and realleges its answers to paragraphs 1 through 21 as if stated herein.

41.    During all relevant times, the City of Chicago knowingly, and with willful and deliberate indifference to the Constitutional rights of citizens, maintained and permitted a

8

widespread custom and practice of permitting the occurrence of the types of wrongs set forth in the following paragraph.

     **ANSWER:**   The City denies the allegations in this paragraph.

     42.    During all relevant times, the City of Chicago maintained a widespread custom and practice of covering up misconduct by engaging in a fraudulent and purposeful practice of "investigating" misconduct in such a fashion that officers are nearly always exonerated notwithstanding substantial evidence of misconduct.

     **ANSWER:**   The City denies the allegations in this paragraph.

     43.    The agency then in charge of such investigations, Office of Professional Standards, routinely failed to undertake meaningful investigations, and routinely failed to find that any officers under investigation engaged in misconduct.

     **ANSWER:**   The City denies allegations in this paragraph.

     44.    Plaintiff alleges that these customs, described above, were the moving force behind the violations of the Plaintiff's rights.  Police officers were under the reasonable belief that they would not suffer any discipline or other penalty as a result of their misconduct because of the custom described above.

     **ANSWER:**   The City denies the allegations in this paragraph.

     45.    Based upon the principles set forth in <u>Monell v. New York City Department of Social Services</u>, the City of Chicago is liable for all the harm done to plaintiff as set forth above.

     **ANSWER:**   The City states that plaintiff's allegations in this paragraph are a vague, incomplete and/or inaccurate statement of the law regarding the City's liability, and therefore, the allegations in this paragraph are denied.

## COUNT VII

**Plaintiff Against Defendants Spencer, Haljean, Stasch and the City of Chicago**

**for the State Supplemental Claim of Malicious Prosecution**

46.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:**     The City restates and realleges its answers to paragraphs 1 through 21 as if stated herein.

47.     Defendants Spencer, Haljean, and Stasch engaged in conduct that caused criminal charges to be filed and prosecuted against the Plaintiff.

**ANSWER:**     The City admits, on information and belief, based upon Chicago Police Department records, that plaintiff was arrested by Defendant Officers Spencer and Haljean.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

48.     There was no probable cause for the institution of criminal charges to be brought against the Plaintiff.  These criminal proceedings were instituted and continued maliciously; and plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights. The criminal proceedings were terminated in the plaintiff's favor.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.     Further, the individual defendants facilitated this malicious prosecution by falsifying evidence, the creation of false police reports, falsifying written criminal charges, and by giving false and perjured testimony under oath.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief

10

as to the truth of the allegations in this paragraph.

50.    The City of Chicago is liable pursuant to the doctrine of *respondeat superior.*

**ANSWER:**    The City states that plaintiff's allegations in this paragraph are a vague

incomplete and/or inaccurate statement of law regarding municipal indemnification, and

therefore, the allegations in this paragraph are denied.

WHEREFORE, the City prays that this Honorable Court enter judgment in its favor on

plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further

relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity

Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for

any damages when its employee or agent was acting outside the scope of his or her employment.

745 ILCS 10/9-102 (2006).

2.    To the extent any employee or agent of the City was acting within the scope of his

or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute willful and wanton

conduct.  745 ILCS 10/2-202 (2006).

3.    Under the Tort Immunity Act, the City is not required to pay punitive or

exemplary damages in any action brought directly or indirectly against it to the injured party or a

third party.  745 ILCS 10/2-102 (2006).

11

4.      The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5.      To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7.      The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff.  745 ILCS 10/2-109 (2006).

8.      The City is not liable under Section 1983 if plaintiff does not prove any violation of his constitutional rights.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

9.      Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not vicariously liable under section 1983 for its employees' misconduct.

12

**<u>Jury Demand</u>**

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    <u>/s/ Helen C. Gibbons</u>
        HELEN C. GIBBONS
        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541 Office
(312) 744-3989 Fax
Attorney No.  06292881

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on **May 1, 2008**, she electronically filed the foregoing **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this matter registered to receive notice through the CM/ECF system.

By:     /s/ Helen C. Gibbons
         HELEN C. GIBBONS