IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY NAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 519 |
| | ) | |
| Chicago Police Officers Richard Haljean, Star No. | ) | JUDGE ANDERSEN |
| 9860, N. Spencer, Star No. 14835, Vasavid, Star No. | ) | |
| 19359, Walsh, Star No. 11214, Meindl, Star No. 10130, | ) | |
| Cwick, Star No. 11860, Szczesny, Star No. 10982, | ) | MAGISTRATE JUDGE MASON |
| Guiterrez, Star No. 1473, Stasch, Star No. 187 | ) | |
| and the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

## INDIVIDUAL DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Individual Defendants Richard Haljean, Nick Spencer, Robert Stasch, James Vasavid, Thomas Walsh, Adnardo Gutierrez, James Cwick, John Meindl and Donald Szczesny, (hereinafter collectively referred to as "Individual Defendants"), by and through one of their attorneys, Christopher A. Wallace, Assistant Corporation Counsel of the City of Chicago, respectfully submit the following joint answer to plaintiff's Complaint, affirmative defenses, and jury demand.

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983], and this Court's supplemental jurisdiction.  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:     Individual Defendants admit that plaintiff brings this action pursuant to 42 U.S.C. Section 1983 for alleged violations of his federal constitutional rights. Answering further, Individual Defendants admit that jurisdiction is proper in this Court.**

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:     Individual Defendants admit that venue is proper in this Court but deny the complained of acts alleged in this Complaint.**

## PARTIES

3.     At all times herein mentioned Plaintiff Gary Naham ("Naham") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:     Individual Defendants admit, upon information and belief, that**

**Plaintiff Gary Naham did reside within this jurisdiction on January 24, 2006.  Answering**

**further, Individual Defendants lack knowledge and information sufficient to form a belief as**

**to the truth or falsity of the remaining allegations set forth in this paragraph.**

4.     At all times herein mentioned, the individual Defendants Richard Haljean, Star No. 9860, N. Spencer, Star No. 14835, Vasavid, Star No. 19350, Walsh, Star No. 11214, Meindl, Star No. 10130, Cwick, Star No. 11860, Szczesny, Star No. 10982, Gutierrez, Star No. 1473, Stasch, Star No. 187 were members of the City of Chicago Police Department, and were acting under color of state law and as the employee, agent or representative of the City of Chicago.  These officers are being sued in their individual/personal capacity.

**ANSWER:     Individual Defendants admit the allegations set forth in this**

**paragraph.**

5.     The City of Chicago is a municipal corporation, duly organized under the laws of the State of Illinois.

**ANSWER:     Individual Defendants admit, upon information and belief, the**

**allegations set forth in this paragraph.**

## STATEMENT OF FACTS

6.     On January 24, 2006, plaintiff was located in his residence at 839 W. Cornelia, City of Chicago.

**ANSWER:     Individual Defendants admit that plaintiff was located in a residence**

**commonly known as 839 W. Cornelia, City of Chicago, on January 24, 2006, at the time the**

**residence was searched pursuant to a search warrant.**

7.     Also on January 24, 2006, Defendant Haljean obtained a search warrant for Plaintiff

and his residence.

**ANSWER:**     **Officer Haljean admits that on January 24, 2006, he obtained a search warrant for Gary Naham and the premises of 839 W. Cornelia Avenue, Apt. # 1N. The remaining Individual Defendants admit, upon information and belief, that on January 24, 2006, Officer Haljean obtained a search warrant for Gary Naham and the premises of 839 W. Cornelia Avenue, Apt. # 1N.**

8.     The facts contained in the affidavit and complaint for the search warrant were completely and knowingly false. The false facts, include but are not limited to the following:

    a.     that a confidential informant had purchased Methamphetamine at the residence;

    b.     that the confidential informant had been to the residence on 6 separate occasions;

    c.     that the informant tendered $125.00 to Plaintiff for narcotics; and

    d.     that the Defendant "observed numerous subjects coming and going from the apartment building which P.O. Richard Haljean believes to be narcotics related."

**ANSWER:**     **Officer Haljean denies the allegations set forth in this paragraph. The remaining Individual Defendants deny, upon information and belief, the allegations set forth in this paragraph.**

9.     In the evening of January 24, 2006, based upon a falsified affidavit for a warrant the individual defendants made entry into Plaintiff's residence.

**ANSWER:**     **Individual Defendants deny the allegations set forth in this paragraph.**

10.     Prior to making entry there was no knock-notice given.

**ANSWER:**     **Individual Defendants deny the allegations set forth in this paragraph.**

11.     While in the residence Plaintiff was subjected to excessive force, including being battered, and assaulted in a humiliating manner, by one or more of the individual defendants.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

12.    While Plaintiff was being subjected to excessive force, the remaining defendants stood by and failed to protect Naham despite the reasonable ability to do so.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

13.    During the course of their intrusion into Naham's residence, one or more of the defendants proceeded to unreasonably and unnecessarily destroy property within the residence.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

14.    Plaintiff was handcuffed, subjected to unreasonable searches, arrested and transported to the police station.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

15.    Plaintiff was thereafter falsely criminally charged with narcotic related activity.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

16.    There was no probable or legal cause to obtain a search warrant for Plaintiff and Plaintiff's residence; there was no probable or legal cause to search Plaintiff or his residence; and there was no legal cause to arrest Plaintiff.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

17.    On or about March 12, 2007, the criminal charges against Plaintiff terminated in the Plaintiff's favor.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

18.    By reason of the above-described acts and omissions of defendant, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:**    Individual Defendants deny the allegations set forth in this paragraph.

19.    Some or all of the Defendants had previous contact with the plaintiff motivating them, in part, to undertake the unlawful acts against the Plaintiff as described above.

**ANSWER:    Individual Defendants deny, upon information and belief, the**

**allegations set forth in this paragraph.**

20.    The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained to proof at the time of trial.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**

21.    By reason of the above-described acts and omissions of defendant, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**

## COUNT I

### Plaintiff Against All Individual Defendants for Excessive Force and Failure to Protect

22.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:    Individual Defendants reassert their answers contained in the**

**preceding paragraphs and incorporate their answers herein, as though fully stated.**

23.    By reason of the defendant officers' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**

24.    The violence inflicted upon plaintiff was excessive, unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights.  Specifically, all of the force

described above was without legal cause and constituted unnecessary and unreasonable excessive force. further, the failure to protect Plaintiff from the unconstitutional acts of officers, despite the reasonable ability to do so also violates Plaintiff's constitutional rights. Therefore, the individual Defendants and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**


## COUNT II

### Plaintiff Against The Individual Defendants for Due Process Violations

25.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:    Individual Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**


26.    By reason of the conduct of the individual defendant officers, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**


27.    The defendants deprived the Plaintiff of fair criminal proceedings by engaging in multiple wrongful acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints applying for and submitting false warrants and police reports, and otherwise acting to deny plaintiff fair criminal proceedings.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**


28.    The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefor in violation of Plaintiff's due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**


## COUNT III

**Plaintiff Against All Individual Defendants for a Conspiracy to Deprive Plaintiff
of His Due Process Rights**

29.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

**ANSWER:**    **Individual Defendants reassert their answers contained in the**

**preceding paragraphs and incorporate their answers herein, as though fully stated.**

30.    All of the individual defendants, either explicitly or implicitly conspired and agreed on a scheme to deprive the Plaintiff of fair criminal proceedings. The acts by all the defendants include, but are not limited to, concealing the exculpatory evidence that should have been made available to plaintiff, false warrants and police reports, and false criminal complaints, all of which was done to cover up wrongdoing.

**ANSWER:**    **Individual Defendants deny the allegations set forth in this paragraph.**

31.    The acts described in the preceding paragraph were directed toward Plaintiff, and were intentional and material, and therefore in violation of Plaintiff's due process rights. Therefore, the individual Defendants and each of them, are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **Individual Defendants deny the allegations set forth in this paragraph.**

## COUNT V

**Plaintiff Against the Individual Defendants for False Arrest**

32.    Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:**    **Individual Defendants reassert their answers contained in the**

**preceding paragraphs and incorporate their answers herein, as though fully stated.**

33.    The Individual Defendants caused the arrest of Plaintiff without probable cause.

**ANSWER:**    **Individual Defendants deny the allegations set forth in this paragraph.**

34.    The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's Fourth Amendment rights to be free from arrests without probable cause. Therefore, the Defendants are liable to plaintiff pursuant to 42

U.S.C. § 1983.

**ANSWER:**     Individual Defendants deny the allegations set forth in this paragraph.

## COUNT V

### Plaintiff Against the Individual Defendants for an Unlawful and Wrongful Search

35.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:**     Individual Defendants reassert their answers contained in the

preceding paragraphs and incorporate their answers herein, as though fully stated.

36.     The search warrant obtained by Defendant Haljean was based upon knowing or recklessly false information, lacked probable cause, and therefore, was in violation of Plaintiff's Fourth Amendment rights.

**ANSWER:**     Individual Defendants deny the allegations set forth in this paragraph.

37.     The individual defendants' entry into Plaintiff's residence omitted the required knock-notice and therefore, was in violation of Plaintiff's Fourth Amendment rights.

**ANSWER:**     Individual Defendants deny the allegations set forth in this paragraph.

38.     The individual Defendants' search of Plaintiff's residence was unreasonably destructive, thereby resulting in the loss or damage of property and therefore, in violation of Plaintiff's Fourth Amendment rights.

**ANSWER:**     Individual Defendants deny the allegations set forth in this paragraph.

39.     The acts described in the preceding paragraphs were directed toward Plaintiff, were intentional, reckless and/or material, and therefore in violation of Plaintiff's Fourth and Fourteenth Amendment rights.  Therefore, the Defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**

## COUNT VI

### Plaintiff Against the City of Chicago – Monell

*As this Count is not directed toward Individual Defendants, they make no answer to it.*

## COUNT VII

### Plaintiff Against Defendants Spencer, Haljean, Stasch and the City of Chicago for the State Supplemental Claim of Malicious Prosecution

46.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty one (21) hereat as though fully set forth at this place.

**ANSWER:    Individual Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**

47.    Defendants Spencer, Haljean, and Stasch engaged in conduct that caused criminal charges to be filed and prosecuted against the Plaintiff.

**ANSWER:    Officers Spencer, Haljean and Stasch deny the allegations set forth in this paragraph to the extent they alleges any wrongdoing on their part.  Individual Defendants deny, upon information and belief, the allegations set forth in this paragraph.**

48.    There was no probable cause for the institution of criminal charges to be brought against the Plaintiff.  These criminal proceedings were instituted and continued maliciously; and plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights the criminal proceedings were terminated in the plaintiff's favor.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**

49.    Further, the individual defendants facilitated this malicious prosecution by falsifying evidence, the creation of false police reports, falsifying written criminal charges, and by giving false and perjured testimony under oath.

**ANSWER:    Individual Defendants deny the allegations set forth in this paragraph.**

9

50.    The City of Chicago is liable pursuant to the doctrine of *respondeat superior.*

**ANSWER:    Individual Defendants deny engaging in the complained of conduct and therefore deny the allegations set forth in this paragraph**

*WHEREFORE, Individual Defendants request this Court enter judgment in their favor and against Plaintiff Gary Naham and enter any other relief in favor of Individual Defendants and against Plaintiff Gary Naham that this Court deems just and proper.*

## AFFIRMATIVE DEFENSES

1.    The Individual Defendants are entitled to qualified immunity.  They are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed.

2.    Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), the Individual Defendants are not liable for injuries arising out of the exercise of discretionary acts.  745 ILCS 10/2-201 (2002).

3.    Under Section 202 of the Tort Immunity Act, the Individual Defendants are not liable for injuries claimed in Plaintiffs' state law claims because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2002).  The Individual Defendants were engaged in the execution and enforcement of a lawfully issued search warrant and their conduct was not willful and wanton.

10

4.      Under Section 204 of the Tort Immunity Act, the Individual Defendants are not liable for the injuries claimed under Plaintiffs' state law claims because they are not liable for injuries caused by the acts or omission of other persons.  735 ILCS 10/2-204 (2002).

5.      Under Section 208 of the Tort Immunity Act, the Individual Defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208 (2002).

6.      Any award of damages against the Individual Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

7.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.


## JURY DEMAND

Individual Defendants respectfully request a trial by jury.


DATED:  May 1, 2008

Respectfully submitted,


By:  /s/ Christopher A. Wallace
     Christopher A. Wallace
     Assistant Corporation Counsel

11

*Attorney for Individual Defendants*

City of Chicago Department of Law
Individual Defense Litigation Division
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on May 1, 2008, I caused a copy of the foregoing Individual Defendants' Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same with the Court via the Court's ECF system.

/s/ Christopher Wallace
Christopher Wallace